[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESPONDENTS' MOTION TO STRIKE
The respondent parents have moved this court to strike the neglect petition filed in the above captioned matter. CT Page 10240
They claim that the petition and the summary of facts which accompanies the petition "fail to set forth claims on which relief can be granted and that the prayers for relief are unnecessary in these circumstances."
The petitioner has objected to the motion to strike for two reasons: (1) because it is untimely, and (2) because the petition does allege sufficient facts to enable the trier to find that the minor child is a neglected child as that term is defined by Sec. 46b-120 of the Connecticut General Statutes.
Having heard argument and having reviewed the memoranda filed by the respective parties, the court makes the following findings and orders:
The court finds that Practice Book, Sec. 112, which provides for the order of pleadings, is further modified by Practice Book, Sec. 113 which expressly provides that when the court does not ruleotherwise, the filing out of the sequence set forth in Sec. 112 will be a waiver of the right to file preceding pleadings.
In the instant case, the court does rule otherwise and finds that the motion to strike has not been waived pursuant to Sec. 113.
Turning its attention to the merits of the respondents' motion to strike, the court notes that the amended petition alleges that the minor child is a neglected child as that term is defined in Secs. 46b-120(ii) and (iii), of the Connecticut General Statutes.
Attached to the neglect petition of July 13, 1993, and made part of it is a summary of facts substantiating allegations of neglect submitted by Christine Lupke, Social Worker, Department of Children and Families.
The petition and summary of facts set forth allegations which, if proven, would establish that the minor child is a neglected child.
Those allegations of neglect include, inter alia, a failure by the parents to provide psychiatric treatment (medication and counseling) for the child as recommended by two separate different evaluators, and also, failure by the parents to meet the child's educational needs as evidenced by their alleged lack CT Page 10241 of parental cooperation with the PPT process and the home based tutoring proposals. The parents are also alleged to be in violation of the statute that requires them to provide "equivalent instruction in studios taught in public school," by failing to make provisions for the child's special education needs.
While the allegations have yet to be established by a fair preponderance of the evidence, they do allege sufficient facts, if proven, to enable the trier of facts to adjudicate the child neglected as that term is defined in Sec. 46b-120 of the Connecticut General Statutes.
For the foregoing reasons, the motion to strike is hereby denied.
Joseph W. Doherty, Judge